Jay S. Jump, WSBA#28262
PO Box 4590
Pasco, WA 99302
(509) 412-1357
(253) 270-8970 Facsimile
www.jumplawgroup.com

The Honorable Judge Marc Barreca
Hearing Location: Rm 7106, 700 Stewart St, Seattle, WA
Hearing Date: 01/09/2014
Hearing Time:9:30 a.m.
Response Date:01/02/2014
Chapter: 13

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re )
) **No. 08-17885**
Sam Bard, )
)
Katherine Bard, ) **MOTION TO MODIFY PLAN, OR, IN**
) **THE ALTERNATIVE, GRANT A**
Debtor(s). ) **HARDSHIP DISCHARGE**
)
)
_____ )

**(1) MOTION TO MODIFY PLAN UNDER 11 U.S.C. §1329**

**(2) IN THE ALTERNATIVE, MOTION FOR A HARDSHIP DISCHARGE UNDER 11 U.S.C. §1328**

**BACKGROUND FACTS:**

This motion is based upon the attached exhibits, incorporated as if fully set forth herein, the declaration of the debtor's (attached and incorporated as if fully set forth herein), and the previous filings and pleadings in the above numbered case. This motion is filed in good faith. This is a core matter.

The debtors filed their plan on November 19, 2008. The case was confirmed and the plan is now in the last month of a sixty month term. The plan was confirmed on August 24, 2009. The debtors have followed the terms of their plan including remaining in the plan after month 36 through month 60.

In a normal scenario, this would not pose a problem for discharge, however, in the case at bar, the debtor proposed to liquidate a piece of property they owned on Vashon Island. The

MOTION TO MODIFY CONFIRMED PLAN OR
GRANT HARDSHIP DISCHARGE
PAGE - 2

Jump Law Group
PO Box 4590
Pasco, WA 99302
(509) 412-1357

original liquidation analysis proposed by the debtors was for $151,250.00. Of this, $149,000.00 was based upon the proposed value of the debtor's real property on Vashon Island. The debtor proposed liquidating the property prior to month 36 for $149,000.00, or if the property did not sell in that time frame, then the property would be sold for whatever could be obtained. See Debtors Amended Plan Number 1, dated June 29, 2009 (ECF Docket Entry #52).

The debtor listed their property for sale at $149,000.00 in 2009. It did not sell. The debtor continuously lowered the price. Eventually, after keeping the property listed perpetually since 2009, the debtors were able to sell their property for approximately $39,000.00 and the Court authorized the sale after notice and a hearing.

With the plan terms performed, the plan payments made, and the debtor's now in the last month of their 60 month plan term, the debtor needs to get their discharge. They have performed under the terms of their plan.

The present liquidation analysis prevents this from occurring as the debtors, through no fault of their own, are unable to pay the liquidation analysis in the remaining term of the plan. In the case at bar, the debtor has made all of their necessary payments for a duration of 60 months. They have liquidated their estate assets per the terms of the confirmed plan. It is only because the real estate market crashed so dramatically as a result of the 'great recession' that the plan is not feasible at the present time.

The issue that is now presented in this motion is whether or not the plan should be modified accordingly to lower the liquidation value of the debtor's estate, or, if modification of the plan is not feasible, then should the debtor's be granted a hardship discharge?

**A MOTION TO MODIFY THE DEBTOR'S PLAN IS PERMISSIBLE UNDER §1329**

The debtor's have complied with all of their obligations under the plan, in so far as they were able to control the outcome of their plan. Certain obligations they simply had no control over, to wit; the crash of the real estate market in 2008.

The debtor originally listed their liquidation analysis as $149k. Given recent case law, it would seem that the terms of the plan are binding upon both the debtor and creditor. However, in the present case, both the debtor and the creditor were put on notice that the liquidation

MOTION TO MODIFY CONFIRMED PLAN OR
GRANT HARDSHIP DISCHARGE
PAGE - 3

Jump Law Group
PO Box 4590
Pasco, WA 99302
(509) 412-1357

Case 08-17885-MLB    Doc 82    Filed 12/02/13    Ent. 12/02/13 13:50:53    Pg. 2 of 5

analysis may not be accurate. If the property did not sell for the listing price indicated in the plan, then it would be auctioned off. Hence, it was already explicitly indicated that the liquidation value, at the outset of the plan, may not be accurate. This [liquidation analysis/best interests of creditors test] "is focused on what value a creditor would receive if the collateral were to be liquidated as of the effective date of the plan"; therefore, "the proposed `disposition or use' is a *hypothetical* liquidation." [emphasis added] In re Delbrugge, 347 B.R. 536, 539 (Bankr. N.D.W. Va. 2006). Effecive date of modified plan, for purposes of property valuation, is the date of modification, not the date of the original plan. Debtors modified plan to reflect what creditors might hope to recover in a Chapter 7 liquidation, as of the date of modification. In Re Auernheimer, 437 B.R. 405 (Bankr. D. Kan. 2010).

Given that the liquidation value is a hypothetical at the outset and that fact that the plan put the creditor's on notice that the liquidation value may not be accurate and if it wasn't, then the alternative procedure would be employed, the modification of the plan at this point is permissible and preferred under the law and certainly, at this 60th month in the proceeding, the debtor can illustrate that the creditors would have received the same amount that they would have in a Chapter 7 liquidation proceeding.

A modified plan has been attached hereto as an Exhibit showing the updated modified liquidation amount. In the present case, the plan is in month 60 and the only alteration taking place is the adjustment of the liquidation analysis. The unsecured creditor class has received all that they are going to receive in the debtor's plan, conducting an in depth analysis of the debtor's income and expenses are not necessary to judicially economical to review in the present case as the payments have been made through month 60 and the debtor has complied with the terms of their plan.

### IN THE ALTERNATIVE, A HARDSHIP DISCHARGE IS APPROPRIATE UNDER 11 U.S.C. §1328(b)

The debtor filed a Chapter 13 Bankruptcy Petition on 11/19/2008. The plan was confirmed by this Court on or about August 24, 2009. Subsequent to confirmation, circumstances have changed whereby the debtor is unable to complete the payments due under the liquidation analysis under the current confirmed plan. As set forth more fully above, the debtor's principal change in circumstances was the unforeseen dimunition in value of the debtor's investment real

MOTION TO MODIFY CONFIRMED PLAN OR
GRANT HARDSHIP DISCHARGE
PAGE - 4

Jump Law Group
PO Box 4590
Pasco, WA 99302
(509) 412-1357

property located on Vashon Island. The valuation at the time of filing in 2008 was for $149,000.00. The actual value of the land as sold per the terms of the plan was only for $39,000.00. As set forth more fully in the debtors motion to sell real property on or about September 12, 2013 (ECF Docket Entry #71), the debtors have listed the property since June of 2009 for sale to no avail. It was only after dropping the price of the property down to less than fifty thousand that the market took notice and someone purchased the property.

The debtor's filed for bankruptcy at the height of the Seattle area real estate bubble, not knowing that the market would drop so precipitously over the next five years. The debtor's cannot be held responsible for the loss in value of their real property when the country was in the midst of what would come to be known as the 'Great Recession'.

As a result of the reduction in value, the debtors were unable to liquidate their estate to the full extent available as originally proposed. In the case at bar, the debtors have made all of their payments and have liquidated the subject property. The unsecured class of creditors has received as much as they would have received in a Chapter 7 bankrutpcy proceeding. In fact, the unsecured class has received far more than they would have in a simply liquidation proceeding as the debtors were only required to remain in the plan for 36 months. However, they stayed in through month 60. Thus, the unsecured class has received the benefit of 24 months of additional payments which were not contemplated by the original plan.

Although the debtor's maintain that a modification of their plan is practical and further, advisable, the Court and Trustee may disagree and for that reasoning, the debtor's have moved for a hardship discharge in the alternative to a modification of the plan.

The debtor has completed the instructional courses for financial management as described in 11 U.S.C. §111 and have filed the appropriate certificates reflecting course completion. See ECF Docket Entries #32 and 33. The debtors certify that 11 U.S.C. §521(q)(1) is not applicable in the present case as there is no pending proceeding in which the debtor may be found guilty of a felony of the kind described in §522(q)(1)(A) or liable for a debt of the kind described in §522(q)(1)(B). Further, the debtor(s) have not received a discharge under Chapter 7, 11, or 12 in a case filed during the four year period preceding the filing of the instant case and has not received a discharge under Chapter 13 in a case filed during the 2 year proceeding the filing of the instant case.

MOTION TO MODIFY CONFIRMED PLAN OR
GRANT HARDSHIP DISCHARGE
PAGE - 5

Jump Law Group
PO Box 4590
Pasco, WA 99302
(509) 412-1357

**CONCLUSION:**

Wherefore, the debtor(s) respectfully request that their Chapter 13 plan be modified to reflect the lower liquidation amount, and the regular discharge be entered as the debtors have completed all of their payments under the plan as well as the additional burdens imposed by the plan, or, in the alternative, grant the debtors a hardship discharge under 11 U.S.C. §1328(b).

DATED: December 2, 2013

_____
Jay S. Jump, WSBA#28262
Attorney for Debtor

MOTION TO MODIFY CONFIRMED PLAN OR
GRANT HARDSHIP DISCHARGE
PAGE - 6

Jump Law Group
PO Box 4590
Pasco, WA 99302
(509) 412-1357